IRVING, J.,
Concurring in Part and Dissenting in Part.
¶ 35. I agree with the majority that the chancellor did not err in disqualifying Ceo-la James as counsel for J.N.W.E. and in not disqualifying Derek Parker as counsel for W.D.W. However, I cannot agree that this Court should ever affirm a judgment of a chancellor which has the effect of dismissing with prejudice an allegation of sexual abuse of a child in the absence of a finding that the allegation of sexual abuse is without merit. Yet, that is exactly what the majority has done in this case. Therefore, I respectfully dissent from that portion of the majority opinion which finds no abuse of the chancellor’s discretion in dismissing J.N.W.E.’s complaint for modification with prejudice even though the chancellor never determined that the claim of sexual abuse undergirding the modification request was without merit.
¶ 36. In an attempt to justify its action, the majority makes the following statement: “Certainly, our preference would be that any sexual abuse charges be heard and resolved. However, we look at the appellant’s argument and do not see this as an issue to be considered on appeal.” The majority then proceeds to try to bolster its view — that the issue of the trial court’s abuse of discretion in dismissing J.N.W.E.’s complaint for modification (which is premised on the allegation that the custodial father has sexually abused the child) — is not justiciable in this appeal. In that effort, the majority quotes the following statement made by the presiding judge during oral argument:
In looking at the brief, I notice that there were references to some allegations of child abuse in this case. That matter is not before the court today. The only thing that is before the court today is the question of the recusal of the chancellor and the dismissal of the attorneys. So I would caution counsel to limit arguments to those points.
¶ 37. It is elementary that the issues on appeal are determined by the parties as reflected in their briefs. M.R.A.P. Rule 28. Therefore, the only thing that the presiding judge could have been attempting to accomplish by his admonition to the parties was to prevent the parties from publicly delving into the factual allegations of the sexual abuse claim during their argument since those allegations involved a minor child. He may have improvidently used broad language to accomplish that end, but assuming, as apparently does the majority, that the presiding judge was attempting to limit the issues, as opposed to attempting to prevent the parties from stating allegations of fact surrounding the sexual abuse claim, he was without the authority to do so, as Rule 28 of the Rules of Appellate Procedure clearly gives parties the right to define the issues which they desire to be considered on appeal.
¶ 38. As stated, the majority also finds that J.N.W.E. did not raise and argue in her brief the issue of the dismissal of her complaint. A review of J.N.W.E.’s assigned issues and brief argument negates such a narrow construction of the issues. In her brief, J.N.W.E. lists the following issues which we recite verbatim:
1. Should the Motion for Recusal have been granted?
2. Should the Appellant’s Attorney have been removed?
3. Should the Appellee’s Attorney have been removed?
4. Did the Judge of the lower Court abuse her discretionary power?
*22 ¶ 39. In a section of J.N.W.E.’s brief entitled, “Summary of Trial Relevant to Issues Presented for Review,” J.N.W.E. states, “The Appellant and the Appellee have never been heard on the issue of custody. Appellant wanted to be heard and still desires to be heard. The Appellee was given custody by default.” It is true, as the majority asserts, that in the argument portion of her brief under issue number four, J.N.W.E. only makes one paragraph of argument. The majority correctly quotes the entire paragraph. However, in that paragraph, J.N.W.E. stated that “Appellant believed [sic] that the Chancellor [sic] further abused her discretion when the Appellant was only given ten (10) days to hire an Attorney [sic] after which Appellant’s case was dismissed with prejudice.”
¶ 40. While J.N.W.E. may not have done a good job in briefing the issues, that could be said of many briefs that this Court receives. What is important here is not whether the issue of the dismissal of the motion for modification without a hearing on the abuse allegation was adequately briefed or even raised but whether it is proper for this Court to ignore this issue when the record before us clearly reveals that neither the Youth Court of Yazoo County nor the Chancery Court of Yazoo County ever adjudicated the issue.
¶ 41. Even assuming (1) that the issue was not properly raised and briefed, and (2) that James could not raise the issue in the brief which she filed on behalf, of J.N.W.E. because James had been disqualified from representing J.N.W.E., should we decide that an allegation as serious as sexual child abuse has been waived because of the failure or inability of the appealing attorney to raise the issue? I think not. Rule 28(a)(3) of the Rules of Appellate Procedure authorizes us to “notice a plain error not identified or distinctly specified” in the briefs. I believe that the dismissal of the motion for modification and the return of the minor child to the father in the absence of an adjudication of the merits of the sexual abuse allegation is a plain error which we should notice here if we truly think that the issue was not raised by J.N.W.E. In that regard, if the majority really prefers that sexual child abuse claims be heard and resolved, it needs to explain why it refuses to make use of the authority granted it by Rule 28(a)(3) of the Mississippi Rules of Appellate Procedure.
¶ 42. J.N.W.E. filed her original motion for modification of custody on February 21, 2003. Before process was served on W.D.W. on the motion for modification, J.N.W.E. charged W.D.W. with sexual abuse of the minor child of the parties, and the Yazoo County Youth Court removed the minor child from W.D.W.’s custody and placed the child with the Department of Human Services pending the outcome of the investigation of the sexual abuse allegations.[4] On October 13, 2003, the Yazoo County Youth Court transferred the case to the chancery court without making a finding on the allegation of sexual abuse. The Yazoo County Youth Court order provided that custody of the minor child would remain with the Department of Human Services pending resolution of the matter in the Chancery Court of Yazoo County.
¶ 43. In dismissing J.N.W.E.’s motion for modification, the chancellor found that the case had remained on the docket since *23 October 5, 2003, with no attempt by J.N.W.E. to obtain a setting for a hearing. The October 5 date is inexplicable inasmuch as the case was transferred to the chancery court on October 13. In any event, the chancellor noted that the custody of the minor child had been with the Department of Human Services during the interim period and that the child had been shuffled back and forth between foster homes and the Baptist Children’s Village during that time. After noting that the child had been separated from his custodial parent during all of this time, the chancellor stated:
Due to the persistent failure of [J.N.W.E.] to move forward with the prosecution of this matter, or to obtain new counsel as directed by the court, the court is left with no choice, but to dismiss this matter and to return the custody of [the minor child] to W.D.W., his father and custodial parent.
¶ 44. I appreciate the chancellor’s concern for a speedy resolution of the custody issue. However, I cannot agree with the ultimate solution fashioned by the chancellor, and approved by the majority, to accomplish this goal. Dismissing J.N.W.E.’s motion for modification and returning custody of the minor child to the custodial father, without determining if there was any merit to the abuse allegation, was not the proper solution to address the delay occasioned by what the chancellor perceived as a lack of diligence on J.N.W.E.’s part in pursuing the matter.[5] As I understand the facts, the Youth Court of Yazoo County did not determine that the abuse allegations were frivolous. In fact, that court did not determine the merits of the allegations at all; it simply transferred the ease to the Chancery Court of Yazoo County for a resolution of the matter. However, after the case was returned to the Chancery Court of Yazoo County, the chancellor did not adjudicate the allegations of the sexual abuse claim.
¶ 45. In order to bring a speedy resolution to the claim that the minor child had been sexually abused by his father, the chancellor could have appointed a guardian ad litem to protect the interests of the minor child. The chancellor also could have directed the Department of Human Services to conduct an investigation of the abuse allegations, assuming it had not already done so. I note, however, that if such an investigation was done, no reference was made to it in the chancellor’s order dismissing the motion for modification, and no such investigative report is contained in the record before us. After receiving these reports, the chancellor then could have determined whether it was in the best interest of the minor child to return his custody to the father.
¶ 46. I make one additional point. As already pointed out, the chancellor dismissed J.N.W.E’s complaint because J.N.W.E. did not acquire an attorney within ten days of James’s being disqualified. While it is certainly desirable to always have trained counsel present issues to the court and assist in the trial of those issues, we must not lose sight of the fact that in our system of justice, a party always has the right to represent himself, subject of course to the same rules and procedures that govern attorneys who represent litigants. Therefore, I would find that the basis given by the chancellor for dismissing J.N.W.E.’s compliant (J.N.W.E.’s failure to hire an attorney within ten days) was not a valid basis for not going forward and considering on the merits the claim that the custodial father had sexually abused the child.
*24 ¶ 47. I would reverse and remand for a hearing on the merits of the allegation that the child has been sexually abused by the father. My view that the case should be reversed and remanded for a hearing should not be construed in any way to suggest that I think there is merit to the allegations. I have no way of knowing; I simply believe that since the best interest of the child is always the polestar consideration in child custody matters, the chancellor at least should have caused an investigation to be made and then based her custodial decision on the child’s best interest in light of what the investigative report did or did not reveal concerning the sexual abuse claim.
KING, C.J., LEE, P.J., AND BARNES, J., JOIN THIS SEPARATE WRITTEN OPINION.

. The order from the Yazoo County Youth Court is not contained in the record before us. The facts concerning what transpired in the youth court, as well as facts regarding the abuse allegation, are taken from the chancellor’s order dismissing J.N.W.E.'s motion for modification.

. Before being disqualified, James, as counsel for J.N.W.E., insisted that she attempted numerous times without success to get W.D.W’s counsel to agree to a trial setting.